Michael Delikat
John D. Giansello
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants
Wyeth Pharmaceuticals and Sud Barik



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANASTASIYA LANDA,

                Plaintiff,

          -- v. --

WYETH PHARMACEUTICALS and
SUD BARIK,

                Defendants.
-------------------------------------------------------------x

Case No. _____

**NOTICE OF REMOVAL**

TO:    CLERK
         United States District Court
         Southern District of New York
         500 Pearl Street
         New York, New York 10007-1312

         CLERK
         Supreme Court of the State of New York
         New York County
         60 Centre Street
         New York, New York 10007

         THE LAW OFFICE OF WALKER G. HARMAN, JR.
         Walker G. Harman, Jr., Esq.
         1350 Broadway, Suite 1510
         New York, New York 10018

Defendants WYETH PHARMACEUTICALS ("Wyeth") and SUD BARIK ("Barik"), by their undersigned attorneys, file this Notice of Removal, pursuant to 28 U.S.C. § 1441, of the

action entitled *Anastasiya Landa against Wyeth Pharmaceuticals and Sud Barik*, Docket Number 07-108537 (Supreme Court of the State of New York, New York County).

1. Upon information and belief, this action was commenced on or about June 20, 2007, in the Supreme Court of the State of New York, New York County. A copy of the Summons and Complaint was received for the first time by Defendant Wyeth on or about August 27, 2007. On information and belief, Defendant Barik has not yet been served with the Summons and Complaint. This Notice of Removal is being filed within thirty (30) days of the receipt of the Summons and Complaint by Defendant Wyeth, which constitutes all of the process, pleadings and orders received by Defendants in this action.

2. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b), in that it is a suit founded on a claim or right allegedly arising under the Constitution, treaties or laws of the United States and may be removed without regard to the citizenship or residence of the parties.

3. As alleged in the Complaint, Plaintiff <u>ANASTASIYA LANDA</u> ("Plaintiff") is and has at all relevant times been a resident and domiciliary of Richmond County, New York.

4. Defendant Wyeth is and has at all relevant times been a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located at 500 Arcola Road, Collegeville, Pennsylvania. Wyeth operates a manufacturing facility in Rockland County, New York, at which Plaintiff was employed.

5. Defendant Barik is and has at all relevant times been a resident and domiciliary of Rockland County, New York, and an employee of Defendant Wyeth in Rockland County, New York.

6. All Defendants join in this notice of removal.

7. The Complaint alleges, *inter alia*, that Defendant Wyeth discriminated against Plaintiff in employment because of a claimed disability and retaliated against Plaintiff in violation of New York Labor Law § 740. Defendant Barik is alleged to have terminated Plaintiff's employment with Wyeth. The Complaint specifically alleges disability discrimination "in violation of the Americans with Disabilities Act" (¶ 41) ("ADA"). In addition, Defendants are informed by Plaintiff's counsel, although there is no allegation to that effect in the Complaint, that Plaintiff did in fact file or attempt to file a charge of discrimination under the ADA with the United States Equal Employment Opportunity Commission. The ADA is a federal statute (42 U.S.C. § 12101 *et seq.*).

8. Removal of the state court action to this Court is therefore warranted pursuant to 28 U.S.C. § 1441(b) because this suit is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, as it is based in part on a claim or right arising under a federal law. Additionally, pursuant to 28 U.S.C. § 1367(a), this Court has original supplemental jurisdiction over Plaintiff's remaining state law claims under the New York Executive and Labor Laws. 28 U.S.C. § 1367(a) provides, in relevant part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." Plaintiff's state and federal claims all relate to Defendant Wyeth's alleged discrimination against Plaintiff based upon claimed disability and upon alleged retaliation in her employment with Wyeth. Therefore, Defendants request that the Court assert supplemental jurisdiction over Plaintiff's state law claims.

9. Venue lies in the United States District Court for the Southern District of New York because the state-court action was filed in this district. 28 U.S.C. § 1441(a).

10. As required by 28 U.S.C. § 1446(d), Defendants are serving a copy of this Notice of Removal on Plaintiff and providing a copy to the Clerk of the Supreme Court of the State of New York, New York County.

WHEREFORE, Defendants submit this Notice of Removal of this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York and pray that this action stand so removed.

DATED:    New York, New York
          September 25, 2007

Respectfully submitted,

Michael Delikat
John D. Giansello
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

By _____
        John D. Giansello

Attorneys for Defendants
Wyeth Pharmaceuticals and
Sud Barik