# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X

ANASTASIYA LANDA,                                    Index No.: 07-108537
                                                              6/20/07
                            Plaintiff,               SUMMONS

        -against-

WYETH PHARMACEUTICALS
and SUD BARIK,

                            Defendants.
-----------------------------------------------------------X

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and serve a copy of your answer within twenty (20) days after the service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Plaintiff designates New York County as the place of trial which is the county in which the acts and omissions giving rise to the allegations in the complaint occurred.

Dated:    New York, New York
          June 20, 2007

                                        [signature: Walker G. Harman]
                                        _____
                                        Walker G. Harman, Jr.
                                        Attorney at Law
                                        1350 Broadway, Suite 1510
                                        New York, New York 10018
                                        (212) 425-2600

[stamp: FILE COPY WITH NOT COMPARED, JUN 20, NEW YORK COUNTY CLERK'S OFFICE]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X

ANASTASIYA LANDA,                                    Index No.:

                        Plaintiff,              **COMPLAINT**

      -against-                                    **PLAINTIFF
                                                  HEREBY
WYETH PHARMACEUTICALS                             DEMANDS A
and SUD BARIK,                                    TRIAL BY JURY**

                        Defendants.
---------------------------------------------------------------X

Plaintiff, Anastasiya Landa, by her attorney, Walker G. Harman, Jr., as and for her complaint against Defendants allege as follows:

### PARTIES, JURISDICTION AND NATURE OF ACTION

1. This action is for whistleblower retaliation, related to the testing of the drug, PREVNAR, and for disability discrimination. At all times relevant hereto, Plaintiff, Anastasiya Landa, ("Landa"), has been a citizen of the State of New York residing in Richmond County, who was illegally terminated by the defendants in violation of New York Labor Law §740 and New York Executive Law §296, et. seq. Ms. Landa, a whistleblower, on numerous occasions notified Wyeth management that members of her group were not following Good Manufacturing Practices ("GMP"). Toward the end of her tenure at Wyeth, Ms. Landa also sought an accommodation for her high-risk pregnancy. Ms. Landa's employment was terminated in retaliation for raising violations of GMP and for seeking an accommodation for her high-risk pregnancy.

08/31/2007 11:56 FAX 4848658781  OHS INFO- Fax Received: 08/31/2007 11:52AM * Pg 4/12
R&D STRATEGIC STAFFING                    ☒004

2.  At all times relevant hereto, Wyeth Pharmaceuticals, ("Wyeth"), a corporation licensed and doing business in Pearl River, New York, is and at all times mentioned herein was an employer within the meaning of New York Labor Law, Section 740. Wyeth produces a drug called Prevnar, a vaccine designed to fight pneumococcal pneumonia and meningitis in infants.

3.  At all times relevant hereto, upon information and belief, Defendant, Sud Barik, was an employee of Wyeth Pharmaceuticals and Head of the Department in which Plaintiff worked.

4.  This Court has jurisdiction over this matter as this matter involves actions in violation of New York State statutes.

5.  County of New York is the proper venue for this action in that the plaintiff resides in the city of New York and defendants Wyeth and Sud Barik conduct business in the city of New York.

## VIOLATIONS OF GOOD MANUFACTURING PRACTICES

6.  On or about August 8, 2003, Defendant, Wyeth Pharmaceuticals, hired Plaintiff, Anastasiya Landa, as a Quality Control Specialist I.

7.  Ms. Landa had prior work experience in the pharmaceutical industry and was thus fully versed in Good Manufacturing Practices.

8.  Plaintiff, Ms. Landa, received positive feedback for her work performance, and on or about February 15, 2006, Ms. Landa was promoted to a position in the Clinical Supply Management and Distribution Department with a higher salary.

2

9. The Clinical Supply Management and Distribution Department, the division to which Ms. Landa was promoted, prepared clinical test batches of Prevnar II (Pneumococcal 13-valent Conjugate Vaccine), a drug not yet on the market that is currently being tested for use on infants.

10. On information and belief, Wyeth's main purpose of producing Prevnar II is to extend Wyeth's control of that drug in the market by obtaining another patent for Prevnar.

11. In or about June 2006, Plaintiff first complained to Defendants about Good Manufacturing Practice ("GMP") violations, including the backdating and overwriting of batch records, as well as insufficient training, to which she was a witness.

12. In or about June 2006, Scott Engelhard, a supervisor of plaintiff, learned of a purported investigation into the overwriting of batch records and attempted to coerce Ms. Landa to lie to compliance officers and participate in the cover up of many GMP violations, to which she refused. Mr. Engelhard even tried to bribe Ms. Landa by offering to buy her a meal if she would participate in the cover up.

13. Mr. Engelhard was the person responsible for overwriting handwritten dates in the batch records of scientists, and in or about June 2006, upon information and belief, Mr. Engelhard was terminated as a result of his involvement in these GMP violations.

14. As part of the investigation of the overwriting of batch records, in or about July 2006, Ms. Landa met with an internal compliance officer of Wyeth regarding questions they had concerning illegal backdating, overwriting, and improper training. Ms. Landa complained to the investigators that she was concerned because she witnessed

3

backdating, overwriting, and improper training. Ms. Landa specifically stated that she was not involved in any type of backdating or overwriting.

15. In or about August 2006, Plaintiff engaged in a phone conversation with defendant's compliance officer and once again reported the many GMP violations that she continued to witness.

16. Ms. Landa gave the investigators specific information, including the names of individuals involved in the violations of GMP. Ms. Landa even offered to assist with the investigation and help gather evidence of the specific violations.

17. On information and belief, Ms. Landa's complaints were ignored, no investigation was ever completed regarding Ms. Landa's complaints, and Wyeth began a campaign against Ms. Landa in retaliation for her numerous complaints of Good Manufacturing Practices.

## FAILURE TO ACCOMMODATE UNDER NY EXECUTIVE LAW

18. Plaintiff was a qualified individual with a disability within the meaning of New York Executive Law §296, et seq.

19. On or about August 22, 2006, Ms. Landa became aware of her high-risk pregnancy and thereafter informed Defendant that, according to her doctor, she was at high-risk of developing thrombosis. Thrombosis is the formation of a clot or thrombus inside a blood vessel, obstructing the flow of blood through the circulatory system.

20. Right after learning that she was at high-risk of developing thrombosis, Ms. Landa requested a temporary reassignment within the company, pursuant to her personal doctor's recommendations that due to Plaintiff's high-risk pregnancy, "she

4

cannot perform any excessive physical activities, or work overtime hours. Moreover, any exposure to chemicals or any biological infectious agents, such as vaccines or active intermediates is prohibited due to [Plaintiff's] unstable medical condition."

21. Moments after presenting Wyeth with her doctor's written recommendations, Ms. Landa was assigned to perform a wipe down of equipment and batching suits using DeconSpore, a mixture of Hydrogen Peroxide and Peroxyacetic Acid. This mixture is known to be toxic if inhaled, to cause burns on contact with skin, and to be toxic if swallowed.

22. Ms. Landa was told by defendants that she couldn't be accommodated because Wyeth did not have enough employees to work in vaccine production.

23. Defendants refused to "reasonably accommodate" Ms. Landa, and, against her own doctor's recommendations, pressed Ms. Landa into jeopardizing the health of the baby by continuing to work with toxic chemicals involved in vaccine production.

24. Over a month after Ms. Landa submitted her doctor's note, on or about September 26, 2006, Defendants finally removed Ms. Landa from the exposure to toxic chemicals, but only seven working days later, on October 5, 2006, Defendant, Sud Barik, terminated Plaintiff's employment with Wyeth.

## FIRST CAUSE OF ACTION

25. Plaintiff, Ms. Landa, repeats and re-alleges each and every allegation contained in paragraphs "1" through "24" with the same force and affect as if separately alleged and reiterated herein.

5

26. This cause of action is for a violation of the New York Whistleblower Law (New York Labor Law §740) and/or unlawful retaliatory action against Defendants.

27. Ms. Landa is a protected whistleblower who is being retaliated against and punished for speaking out against Good Manufacturing Practice ("GMP") violations that have a direct effect on public safety and health.

28. The plaintiff had spoken, on numerous occasions, to her supervisors as well as to investigative authorities in an effort to stop the ongoing violations of Current Good Manufacturing Practice for Finished Pharmaceuticals §211.25 and §211.188.

29. New York Labor Law §740 prohibits any employer from taking retaliatory action against an employee when the employee, (a) "discloses . . . to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety;" (b) "provides information to . . . any public body conducting an investigation, hearing or inquiry into any such violation of a law, rule or regulation by such employer;" or (c) "objects to, or refuses to participate in any such activity, policy or practice in violation of a law, rule or regulation."

30. Ms. Landa disclosed to Wyeth's internal compliance officers, as well as to her supervisors, the many violations of Current Good Manufacturing Practice for Finished Pharmaceuticals §211.25 and §211.188, and was subsequently terminated as a result of her disclosures.

31. On information and belief, Defendants have acted with the intent to preserve, protect and defend the reputation and financial success of Wyeth

6

Pharmaceuticals, and to hide stories of improper and illegal pharmaceutical manufacturing.

32. On information and belief, Defendants have been motivated to retaliate against Ms. Landa due to the highly publicized prior GMP violations at the same facility in Pearl River, New York. In early 2000, FDA inspections of Wyeth's Pearl River facility uncovered gross deviations from the FDA's GMP regulations, including issues related to quality control. On October 3, 2000, Wyeth signed a consent decree with the FDA in which Wyeth agreed to pay $30,000,000 to the U.S. Treasury. More importantly, Wyeth agreed to a series of measures aimed at ensuring that the products manufactured at Wyeth's Pearl River, N.Y. facility are made in compliance with the FDA's GMP regulations.

33. On information and belief, Defendants have acted to retaliate against the plaintiff's whistleblowing and/or protected actions in an effort to protect and defend the reputation and financial success of Wyeth Pharmaceuticals.

34. Defendants retaliated against Plaintiff in the terms and conditions of her employment in violation of New York Labor Law §740.

35. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

7

## SECOND CAUSE OF ACTION

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "24" with the same force and affect as if separately alleged and reiterated herein.

37. From the time she learned of her high-risk pregnancy, a temporary disability requiring a reasonable accommodation, to the day of her termination, Plaintiff was capable of performing the duties of several available suitable positions at the Defendants' facilities.

38. From the time she learned of her high-risk pregnancy to the day of her termination, Plaintiff attempted to be placed in available suitable positions at the Defendants' facilities on numerous occasions.

39. During such time, Defendants continually and intentionally refused to allow Plaintiff to be temporarily reassigned because of her disability.

40. Defendants' October 2006 termination of Ms. Landa was not based on any legal or legitimate justification and was therefore illegal. Defendants terminated Ms. Landa because she complained about violations of GMP and because she requested a reasonable accommodation due to her disability.

41. Such adverse employment actions by Defendants were in violation of the Americans with Disabilities Act and New York Executive Law §296, et. seq.

42. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

8

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(i) On the First Cause of Action, actual damages to be determined at trial, but in no event less than $500,000.00;

(ii) On the Second Cause of Action, actual damages to be determined at trial, but in no event less than $500,000.00, and punitive damages to be determined at trial;

(iii) Disbursements and other costs;

(iv) Attorneys' fees; and

(v) For such other and further relief which the Court deems just and proper.

### DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: New York, New York
       June 20, 2007

By: *Walker Harman*
    Walker G. Harman, Jr.
    Attorney for Plaintiff
    1350 Broadway, Suite 1510
    New York, NY 10018

9

