Michael Delikat
John D. Giansello
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendants
Wyeth Pharmaceuticals and Sud Barik

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANASTASIYA LANDA,

                Plaintiff,

          -- v. --

WYETH PHARMACEUTICALS and
SUD BARIK,

                Defendants.
-----------------------------------------------------------x

Case No. 07-Civ-8351 (HB) (THK)

**ANSWER TO AMENDED COMPLAINT**

Defendants WYETH (sued herein as "Wyeth Pharmaceuticals" and referred to hereinafter as "Wyeth") and SUD BARIK ("Barik") (Wyeth and Barik being referred to hereinafter collectively as "Defendants"), by their attorneys Orrick, Herrington & Sutcliffe LLP, hereby answer the Amended Complaint ("Amended Complaint") of Plaintiff, ANASTASIYA LANDA ("Landa" or "Plaintiff"), and, in response to the specific allegations thereof, specifically admit, aver and deny as follows:

      1.      Answering Paragraph 1 of the Amended Complaint, Defendants admit that Plaintiff purports to sue under the statutes cited, but Defendants deny that they, or either of them, have committed any act or are chargeable with any omission upon which any such claims could be brought, or that they are liable to Plaintiff on any ground or for any reason. Defendants aver that they lack information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations of citizenship or residence and, grounding their answer upon said lack of information,

deny said allegations (hereinafter, denials for lack of information sufficient to form a belief as to the truth or falsity of an allegation will be stated as "deny for lack of information"). Except as so admitted or denied for lack of information, Defendants deny each and every allegation of Paragraph 1 of the Amended Complaint.

2. Answering Paragraph 2 of the Amended Complaint, Defendants aver that Wyeth Pharmaceuticals is an unincorporated division of Wyeth that does business in Pearl River, New York. Wyeth admits that it is an "employer" within the meaning of New York Labor Law, Section 740, and that it produces a drug called Prevnar®, which is a vaccine designed to fight pneumoccocal pneumonia, meningitis and other diseases in infants. Except as so admitted and averred, Defendants deny each and every allegation of Paragraph 2 of the Amended Complaint.

3. Answering Paragraph 3 of the Amended Complaint, Defendants admit that at times relevant to the allegations of the Amended Complaint, Barik was an employee of Wyeth and aver that, since approximately February 2006, and to the end of her employment, Plaintiff worked in the department of which Barik was the head. Except as so expressly admitted or averred, Defendants deny each and every allegation of Paragraph 3 of the Amended Complaint.

4. Answering Paragraph 4 of the Amended Complaint, Defendants admit that Plaintiff attempts to invoke the jurisdiction of the Court under the statutes cited in the Amended Complaint, but Defendants deny that they, or either of them, have committed any act or are chargeable with any omission upon which any claims by Plaintiff could be brought, any such jurisdiction grounded or any relief obtained. Except as so admitted and averred, Defendants deny each and every allegation of Paragraph 4 of the Amended Complaint.

5. Answering Paragraph 5 of the Amended Complaint, Defendants admit that Plaintiff attempts to lay venue in this Court for the reason alleged, but Defendants deny that they, or either of them, have committed any act or are chargeable with any omission upon which any

claims by Plaintiff could be brought, any such venue grounded or any relief obtained. Except as so admitted and averred, Defendants deny each and every allegation of Paragraph 5 of the Amended Complaint.

6.  Answering Paragraph 6 of the Amended Complaint, Defendants aver that Wyeth hired Plaintiff on or about August 4, 2003, in the position of Chemist. Except as so averred, Defendants deny each and every allegation of Paragraph 6 of the Amended Complaint.

7.  Answering Paragraph 7 of the Amended Complaint, Defendants admit that Plaintiff had prior work experience in the pharmaceutical industry and aver that Plaintiff was trained by Wyeth in the standard operating procedures, protocols and Good Manufacturing Practices applicable to her work. Except as so expressly admitted, Defendants deny each and every allegation of Paragraph 7 of the Amended Complaint.

8.  Answering Paragraph 8 of the Amended Complaint, Defendants aver that Plaintiff's overall performance evaluations were satisfactory, at the mid-point of Wyeth's performance evaluation system, and that, on or about February 15, 2006, Plaintiff was promoted to the position of Research Scientist I in the Research and Development Clinical Supply Department, with an increase in salary. Except as to expressly averred, Defendants deny each and every allegation of Paragraph 8 of the Amended Complaint.

9.  Answering Paragraph 9 of the Amended Complaint, Defendants aver that the Research and Development Clinical Supply Department prepares clinical test batches of Prevnar II®, the registered trade name for a pneumococcal 13-valent conjugate vaccine, which is in development and which is not yet being marketed, and that the batch related to the overwriting allegations of the Amended Complaint was not released. Except as so expressly averred, Defendants deny each and every allegation of Paragraph 9 of the Amended Complaint.

10. Defendants deny each and every allegation of Paragraph 10 of the Amended Complaint.

11. Defendants deny each and every allegation of Paragraph 11 of the Amended Complaint.

12. Answering Paragraph 12 of the Amended Complaint, Defendants aver that in early July 2006 Wyeth conducted an investigation into overwriting of a batch record, in connection with which Scott Engelhardt was interviewed. Except as so expressly averred, Defendants deny each and every allegation of Paragraph 12 of the Amended Complaint.

13. Answering Paragraph 13 of the Amended Complaint, Defendants aver that Scott Engelhardt was one of the persons responsible for overwriting handwritten dates in a batch record, and that Engelhardt and Landa were two of four persons terminated from employment because of conduct contrary to cGMP documentation practices and training. Except as so expressly averred, Defendants deny each and every allegation of Paragraph 13 of the Amended Complaint.

14. Answering Paragraph 14 of the Amended Complaint, Defendants aver that, in the first half of July 2006, Plaintiff was in a meeting concerning overwriting on a production batch record. Except as so expressly averred, Defendants deny each and every allegation of Paragraph 14 of the Amended Complaint.

15. Answering Paragraph 15, of the Amended Complaint, Defendants aver that, on or about August 18, 2006, Plaintiff met with a Wyeth Employee Relations Consultant. Except as so expressly averred, Defendants deny each and every allegation of Paragraph 15 of the Amended Complaint.

16. Defendants deny each and every allegation of Paragraph 16 of the Amended Complaint.

17. Defendants deny each and every allegation of Paragraph 17 of the Amended Complaint.

18. Defendants deny each and every allegation of Paragraph 18 of the Amended Complaint for lack of information.

19. Defendants deny each and every allegation of Paragraph 19 of the Amended Complaint.

20. Answering Paragraph 20 of the Amended Complaint, Defendants aver that, on or about September 22, 2006, Plaintiff presented Wyeth's Employee Health Services with a note from her doctor, recommending that she not have any exposure to "chemicals" or "vaccines", which Wyeth accommodated. Except as so expressly averred, Defendants deny each and every allegation of Paragraph 20 of the Amended Complaint.

21. Defendants deny each and every allegation of Paragraph 21 of the Amended Complaint.

22. Defendants deny each and every allegation of Paragraph 22 of the Amended Complaint.

23. Defendants deny each and every allegation of Paragraph 23 of the Amended Complaint.

24. Defendants deny each and every allegation of Paragraph 24 of the Amended Complaint.

25. Answering Paragraph 25 of the Amended Complaint, Defendants admit that Plaintiff purports to reallege and repeat the allegations of the paragraphs referred to and, in response thereto, reassert their admissions, averrals, denials for lack of information and denials thereto as if fully re-stated here.

26.     Answering Paragraph 26 of the Amended Complaint, Defendants admit that Plaintiff purports to assert a cause of action under the statute cited, but Defendants deny that they, or either of them, have committed any act or are chargeable with any omission upon which any such claims may be brought. Except as so expressly admitted, Defendants deny each and every allegation of Paragraph 26 of the Amended Complaint.

27.     Defendants deny each and every allegation of Paragraph 27 of the Amended Complaint.

28.     Defendants deny each and every allegation of Paragraph 28 of the Amended Complaint.

29.     Answering Paragraph 29 of the Amended Complaint, Defendants aver that the allegations thereof assert legal conclusions as to which no answer is required, and that the statute quoted in part speaks for itself. Except as so expressly averred, Defendants deny each and every allegation of Paragraph 29 of the Amended Complaint.

30.     Defendants deny each and every allegation of Paragraph 30 of the Amended Complaint.

31.     Defendants deny each and every allegation of Paragraph 31 of the Amended Complaint.

32.     Answering Paragraph 32 of the Amended Complaint, Defendants deny each and every allegation of the first two sentences of Paragraph 32 of the Amended Complaint. As for the third and fourth sentences of Paragraph 32 of the Amended Complaint, Defendants aver that, on October 3, 2000, expressly without admission of any liability or wrongdoing, Wyeth entered into a consent decree with the Food and Drug Administration, which decree speaks for itself. Except as so expressly averred, Defendants deny each and every allegation of Paragraph 32 of the Amended Complaint.

33. Defendants deny each and every allegation of Paragraph 33 of the Amended Complaint.

34. Defendants deny each and every allegation of Paragraph 34 of the Amended Complaint.

35. Defendants deny each and every allegation of Paragraph 35 of the Amended Complaint.

36. Answering Paragraph 36 of the Amended Complaint, Defendants admit that Plaintiff purports to reallege and repeat the allegations of the paragraphs referred to and, in response thereto, reassert their admissions, averrals, denials for lack of information and denials thereto as if fully re-stated here.

37. Answering Paragraph 37 of the Amended Complaint, Defendants aver that the allegations thereof concerning requirement of reasonable accommodation assert a legal conclusion to which no answer is required. Except as so expressly averred, Defendants deny each and every allegation of Paragraph 37 of the Amended Complaint for lack of information.

38. Defendants deny each and every allegation of Paragraph 38 of the Amended Complaint for lack of information.

39. Defendants deny each and every allegation of Paragraph 39 of the Amended Complaint.

40. Defendants deny each and every allegation of Paragraph 40 of the Amended Complaint.

41. Defendants deny each and every allegation of Paragraph 41 of the Amended Complaint.

42. Defendants deny each and every allegation of Paragraph 42 of the Amended Complaint.

43. Answering Paragraph 43 of the Amended Complaint, Defendants admit that Plaintiff purports to reallege and repeat the allegations of the paragraphs referred to and, in response thereto, reassert their admissions, averrals, denials for lack of information and denials thereto as if fully re-stated here.

44. Answering Paragraph 44 of the Amended Complaint, Defendants aver that the allegations thereof concerning requirement of reasonable accommodation assert a legal conclusion to which no answer is required. Except as so expressly averred, Defendants deny each and every allegation of Paragraph 44 of the Amended Complaint for lack of information.

45. Defendants deny each and every allegation of Paragraph 45 of the Amended Complaint.

46. Defendants deny each and every allegation of Paragraph 46 of the Amended Complaint.

47. Defendants deny each and every allegation of Paragraph 47 of the Amended Complaint.

48. Defendants deny each and every allegation of Paragraph 48 of the Amended Complaint.

49. Defendants deny each and every allegation of Paragraph 49 of the Amended Complaint.

50. Answering Paragraph 50 of the Amended Complaint, Defendants admit that Plaintiff purports to reallege and repeat the allegations of the paragraphs referred to and, in response thereto, reassert their admissions, averrals, denials for lack of information and denials thereto as if fully re-stated here.

51. Defendants deny each and every allegation of Paragraph 51 of the Amended Complaint.

52. Defendants deny each and every allegation of Paragraph 52 of the Amended Complaint.

53. Answering the Prayer of the Amended Complaint, Defendants aver that Plaintiff is not entitled to the relief requested, or to any relief against them, or either of them, under any claim she attempts to bring in the Amended Complaint or otherwise.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

54. Defendants aver that the Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

55. Defendants aver that some or all of the claims in the Amended Complaint are barred by applicable statutes of limitations.

### Third Affirmative Defense

56. Defendants aver that some or all of the claims attempted to be alleged in the Amended Complaint are barred by the doctrines of waiver or estoppel.

### Fourth Affirmative Defense

57. Defendants aver that Plaintiff is barred from recovery on some or all of her claims because Defendants had in place policies, procedures and other measures that should have prevented the alleged discrimination or retaliation that Plaintiff claims occurred, and Plaintiff unreasonably failed to invoke those measures in a timely manner.

### Fifth Affirmative Defense

58. Defendants aver that Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

59. Defendants aver that some or all of Plaintiff's claims attempted to be alleged in the Amended Complaint are barred by the failure of Plaintiff to make reasonable efforts to mitigate her damages, if any.

### Seventh Affirmative Defense

60. Defendants aver that some or all of Plaintiff's claims are barred by the doctrine of laches.

### Eighth Affirmative Defense

61. Defendants aver that Plaintiff's injuries and damages, if any, were not caused by Defendants, but by Plaintiff's own actions or failure to act.

### Ninth Affirmative Defense

62. Defendants aver that their actions toward or concerning Plaintiff were motivated solely by legitimate, nondiscriminatory business reasons and taken in good faith.

### Tenth Affirmative Defense

63. Defendants aver that any claim of disability discrimination under the Americans with Disabilities Act is barred by Plaintiff's failure properly to exhaust her administrative remedies by failing to file a timely charge of discrimination regarding the same with the United States Equal Employment Opportunity Commission or the New York State Division of Human Rights.

### Eleventh Affirmative Defense

64. Defendants aver that any claim of pregnancy discrimination under the Title VII of the Civil Rights Act of 1964 is barred by Plaintiff's failure properly to exhaust her administrative remedies by failing to file a timely charge of discrimination regarding the same with the United

States Equal Employment Opportunity Commission or the New York State Division of Human Rights.

Twelfth Affirmative Defense

65.     Defendants aver that general damages for emotional distress or pain and suffering and punitive damages are not available under New York Labor Law Section 740.

Thirteenth Affirmative Defense

66.     Defendants aver that punitive damages and attorney's fees are not recoverable under New York Executive Law Section 290 *et seq*.

Fourteenth Affirmative Defense

67.     Defendants aver that Plaintiff is not entitled to recover punitive damages under any of her claims because Defendants at all relevant times had a publicized non-discrimination and anti-harassment policy and complaint procedure in effect and have taken other reasonable and appropriate measures to prevent, address and remedy unlawful discrimination in the workplace.

Fifteenth Affirmative Defense

68.     Defendants aver that Defendant Barik cannot be held individually liable to Plaintiff under either New York Labor Law Section 740, or the Americans with Disabilities Act, or Title VII of the Civil Rights Act of 1964.

Defendants reserve the right to assert additional affirmative defenses upon the discovery of facts not currently known.

W h e r e f o r e, Defendants pray that Plaintiff take nothing by her Amended Complaint, that the Amended Complaint be dismissed with prejudice, that Defendants be awarded their costs of litigation, including reasonable attorneys' fees, and for such other and further relief as to the Court may seem just and proper.

DATED:    New York, New York
          November 5, 2007

Respectfully submitted,

Michael Delikat
John D. Giansello
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

By _____
   John D. Giansello

Attorneys for Defendants
Wyeth Pharmaceuticals and
Sud Barik

OHS East:160308392.2